IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AETNA INC., AETNA HEALTH, INC.,
AETNA HEALTH MANAGEMENT LLC
AND AETNA LIFE INSURANCE
COMPANY,

               Plaintiffs,

v.

MEDNAX, INC., PEDIATRIX MEDICAL
GROUP, INC. AND MEDNAX SERVICES,
INC.,

               Defendants.

CIVIL ACTION

No. 18-2217

## ANSWER

Defendants Mednax, Inc., Mednax Services, Inc., and Pediatrix Medical Group, Inc., by their attorneys Quinn Emanuel Urquhart & Sullivan, LLP and Conrad O'Brien PC, as and for their Answer to the Complaint filed by Plaintiffs Aetna Inc., Aetna Health, Inc., and Aetna Life Insurance Company, state as follows:

1.      Deny the allegations of Paragraph 1.

2.      Deny the allegations of Paragraph 2.

3.      Deny the allegations of Paragraph 3.

4.      Deny the allegations of Paragraph 4.

5.      Deny the allegations of Paragraph 5.

6.      Deny the allegations of Paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the allegations of Paragraph 7, except admit upon

information and belief that Aetna Inc. is a Pennsylvania company and, through its affiliated companies, provides health insurance to its members and provides administrative services for self-funded medical benefits plans throughout the United States.

8.     Admit upon information and belief the allegations of Paragraph 8.

9.     Admit upon information and belief the allegations of Paragraph 9.

10.    Admit upon information and belief the allegations of Paragraph 10.

11.    Deny the allegations of Paragraph 11, except admit that Mednax, Inc. is a publicly traded Florida company, with its principal place of business in Sunrise, Florida.

12.    Deny the allegations of Paragraph 12, except admit that Mednax Services, Inc. is a Florida company, with a principal place of business in Sunrise, Florida.

13.    Deny the allegations of Paragraph 13, except admit that Pediatrix Medical Group, Inc. is a Florida company, with a principal place of business in Sunrise, Florida.

14.    Deny the allegations of Paragraph 14 as an incomplete description of Mednax, Inc.'s filings with the United States Securities and Exchange Commission, and respectfully refer to such filings for a true and complete depiction of their contents.

15.    Deny the allegations of Paragraph 15, except admit that Mednax Services, Inc. or its affiliates or subsidiaries have entered into some contractual arrangements with medical practices across the United States.

16.    Deny the allegations of Paragraph 16.

17.    Deny the allegations of Paragraph 17, except refer to the relevant contracts for a true and complete depiction of their contents.

18.    Deny the allegations of Paragraph 18.

19.    Deny the allegations of Paragraph 19.

20.     Deny the allegations of Paragraph 20, except admit that Aetna purports to bring this action as described.

21.     Deny the allegations of Paragraph 21, except admit that Aetna purports to bring this action as described.

22.     Deny the allegations of the third sentence of Paragraph 22 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny the remaining allegations of Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the allegations of Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the allegations of Paragraph 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the allegations of Paragraph 25.

26.     Deny the allegations of Paragraph 26, except admit that certain of Defendants' affiliated medical practices or the physicians the affiliated practices employ are part of Aetna's network of contracted medical providers.

27.     Deny the allegations of Paragraph 27, except admit that Mednax Services, Inc. submits claims for payment to Aetna on behalf of its affiliated medical practices on standardized claim forms published by the Centers for Medicare and Medicaid Services, specifically the CMS 1500 Claim Form, which require the use of CPT codes, a uniform coding system that provides a comprehensive list of codes for medical procedures.

28.      Deny the allegations of Paragraph 28.

29.    Deny the allegations of Paragraph 29, except admit that physicians employed by Mednax Services, Inc.'s affiliates determine which CPT codes to enter for newborns for whom they deliver care.

30.    Deny the allegations of Paragraph 30, except admit that physicians employed by Mednax Services, Inc.'s affiliates determine which CPT codes to enter for newborns for whom they deliver care.

31.    Deny the allegations of Paragraph 31.

32.    Deny the allegations of Paragraph 32, except admit that in 2006, Pediatrix Medical Group Inc. finalized an agreement to settle a federal government national Medicaid and TRICARE investigation and claims made by a *qui tam* relator that was related to services provided from January 1996 through December 1999, which involved a $25 million settlement but did not include any admission of liability.

33.    Deny the allegations of Paragraph 33.

34.    Deny the allegations of Paragraph 34.

35.    Deny the allegations of Paragraph 35, except state that medical coding educators have trained physician groups affiliated with Mednax Services, Inc. and that Mednax Services, Inc. or its affiliates have performed audits as part of an effort to ensure coding performed by physicians affiliated with Mednax Services, Inc. is done accurately.

36.    Deny the allegations of Paragraph 36, except admit that Mednax Services, Inc. or its affiliates use a proprietary electronic health records platform called BabySteps, which includes an automated coding tool developed to promote consistency in coding practices, and that coding and clinical charting were carefully reviewed at Mednax Services, Inc. or its affiliates to ensure

accuracy, consistency, and compliance with third party payors', including government payors', requirements for reimbursement.

37.     Deny the allegations of Paragraph 37.

38.     Deny the allegations of Paragraph 38.

39.     Deny the allegations of Paragraph 39.

40.     Deny the allegations of Paragraph 40.

41.     Deny the allegations of Paragraph 41.

42.     Deny the allegations of Paragraph 42, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

43.      Deny the allegations of Paragraph 43, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

44.     Deny the allegations of Paragraph 44, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

45.     Deny the allegations of Paragraph 45, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

46.     Deny the allegations of Paragraph 46, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

47.     Deny the allegations of Paragraph 47, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

48.     Deny the allegations of Paragraph 48, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

49.     Deny the allegations of Paragraph 49, except admit that the severity of a newborn's condition is one of several factors that impact physicians' treatment decisions.

50.     Deny the allegations of Paragraph 50, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

51.     Deny the allegations of Paragraph 51, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

52.     Deny the allegations of Paragraph 52, except admit that Aetna sought to undertake a statistical analysis that Aetna hoped would support its claims in this lawsuit.

53.     Deny the allegations of Paragraph 53.

54.     Deny the allegations of Paragraph 54.

55.     Deny the allegations of Paragraph 55.

56.     Deny the allegations of Paragraph 56.

57.     Deny the allegations of Paragraph 57.

58.     Defendants incorporate all of the above responses to the allegations contained in each of the numbered paragraphs from 1-57 as if they were fully stated here.

59.     Deny the allegations of Paragraph 59.

60.     Deny the allegations of Paragraph 60.

61.     Deny the allegations of Paragraph 61.

62.     Deny the allegations of Paragraph 62.

63.     Deny the allegations of Paragraph 63.

64.     Deny the allegations of Paragraph 64.

Deny that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause and its subparts following Paragraph 64.

65.     Defendants incorporate all of the above responses to the allegations contained in each of the numbered paragraphs from 1-64 as if they were fully stated here.

66. Deny the allegations of Paragraph 66.

67. Deny the allegations of Paragraph 67.

68. Deny the allegations of Paragraph 68.

69. Deny the allegations of Paragraph 69.

Deny that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause and its subparts following Paragraph 69.

70. Defendants incorporate all of the above responses to the allegations contained in each of the numbered paragraphs from 1-69 as if they were fully stated here.

71. Deny the allegations of Paragraph 71.

72. Deny the allegations of Paragraph 72.

73. Deny the allegations of Paragraph 73.

Deny that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause and its subparts following Paragraph 73.

74. Defendants incorporate all of the above responses to the allegations contained in each of the numbered paragraphs from 1-73 as if they were fully stated here.

75. Deny the allegations of Paragraph 75.

76. Deny the allegations of Paragraph 76.

77. Deny the allegations of Paragraph 77.

78. Deny the allegations of Paragraph 78.

79. Deny the allegations of Paragraph 79.

Deny that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause and its subparts following Paragraph 79.

80.     Defendants incorporate all of the above responses to the allegations contained in each of the numbered paragraphs from 1-79 as if they were fully stated here.

81.     Deny the allegations of Paragraph 81.

82.     Deny the allegations of Paragraph 82.

Deny that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause and its subparts following Paragraph 82.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants assert the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the terms of contracts from which they are seeking to derive benefit.

### THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute(s) of limitations or repose or by the doctrine of laches, or are otherwise time-barred.

### FOURTH DEFENSE

Plaintiffs' claims have been waived.

### FIFTH DEFENSE

Plaintiffs are equitably estopped from asserting the claims in the Complaint.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to provide proper notice and/or to

participate in contractually mandated alternative dispute resolution.

## EIGHTH DEFENSE

Defendants reserve the right to assert additional affirmative defenses as they discover the

grounds for them through discovery or other investigation.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dated: November 20, 2018          BY:     */s/ Luke Nikas*
                                          Luke Nikas*
                                          Michael B. Carlinsky
                                          51 Madison Avenue, 22nd Floor
                                          New York, New York 10010-1601
                                          Ph: (212) 849-7000
                                          Email: lukenikas@quinnemanuel.com
                                                   michaelcarlinksy@quinnemanuel.com

                                           * Admitted Pro Hac Vice

                                          CONRAD O'BRIEN PC
                                          Howard M. Klein (No. 33632)
                                          Robert N. Feltoon (No. 58197)
                                          Andrew K. Garden (No. 314708)
                                          Centre Square West Tower
                                          1500 Market Street, Suite 3900
                                          Philadelphia, PA 19102-2100
                                          Ph: (215) 864-9600
                                          Fax: (215) 864-9620
                                          Email: hklein@conradobrien.com
                                                   rfeltoon@conradobrien.com
                                                   agarden@conradobrien.com

                                          *Attorneys for Defendants Mednax, Inc., Mednax*
                                          *Services, Inc., and Pediatrix Medical Group, Inc.*