# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-60908-JIC (Cohn/Seltzer)

PEDIATRIX MEDICAL GROUP OF
FLORIDA, INC., PEDIATRIX MEDICAL
GROUP, INC., MEDNAX SERVICES,
INC., and MEDNAX, INC.,

       Plaintiffs,

v.

AETNA INC., AETNA HEALTH
MANAGEMENT, LLC,

       Defendants.

_____/

## **DEFENDANTS' INITIAL DISCLOSURES**

Pursuant to Federal Rule Civil Procedure 26(a)(1), Defendants, Aetna Inc. and Aetna Health Management, LLC, serve their initial disclosures. Defendants reserve the right to amend or supplement these disclosures as provided for by Rule 26(e) based upon further investigation and discovery, to the extent additional disclosures are not mooted by further discovery requests. These disclosures are made without waiver of, or prejudice to, any objection Defendants may raise at trial to any information or evidence disclosed in this document. By making these disclosures, Defendants do not waive any applicable privilege, work product or other objection, and Defendants reserve the right to object to the production or admissibility of any information or evidence referenced herein. By making these disclosures, Defendants do not waive any arguments or defenses raised in this matter, expressly including but not limited to those in Defendants' pending Motion and Incorporated Memorandum of Law to Transfer To The First Filed Forum or Alternatively to Stay, and Motion to Dismiss Plaintiffs' Complaint [D.E. 27].

I.    **Below are the names of individuals likely to have discoverable information that Defendants at this stage believe they may use to support their defenses (other than solely for impeachment), together with a description of the subject of that information.  Given the scope of Plaintiffs' allegations, other individuals will likely have such information as well, including many individuals employed by or affiliated with Plaintiffs. Defendants reserve the right to supplement these disclosures, as appropriate, since the investigation and discovery is ongoing.**

- Karen Chotiner, c/o Defendants' counsel. Believed to have knowledge of the Physician Group Agreement between Aetna Health Inc. and Pediatrix Medical Group of Texas Billing, Inc., on behalf of Pediatrix Medical Services, Inc.

- Ramzy Elgomayel, c/o Defendants' counsel.  Believed to have knowledge regarding the analysis of Plaintiffs' and their affiliates' submitted bills, which led to the discovery of improper billing methodologies

- Robert W. MaKuch, Ph.D., c/o Defendants' counsel. Believed to have knowledge regarding the analysis of Plaintiffs' and their affiliates' submitted bills, which led to the discovery of improper billing methodologies.

- Karl B. Wagner, Treasurer for Mednax, c/o Plaintiffs' counsel.  Believed to have knowledge about the contract between Aetna and Mednax, including the parties' relationship leading up and following the July 19, 2007 execution of Physician Group Agreement.

- All individuals identified in Plaintiffs' Rule 26(a) disclosures.

- All individuals identified in the parties' respective responses to discovery requests and interrogatories.

2

- All individuals identified in documents produced and exchanged in this litigation.

II.   **Below is a description by category of documents that may be in Defendants' possession, custody or control that Defendants may use to support their defenses (other than solely for impeachment). By identifying these categories of documents, Defendants do not admit or concede that any particular documents are relevant or discoverable. Defendants expressly reserve their right to object to the production of all documents or other materials on any ground permitted by the Federal Rules of Civil Procedure, including, but not limited to, objections based on the attorney-client privilege or the work-product doctrine. Given the scope of Plaintiffs' allegations, there are likely other documents that Defendants may use to support their defenses in this matter. Defendants reserve the right to supplement these disclosures, as appropriate, since the investigation and discovery is ongoing.**

- Documents reflecting Plaintiffs' development and  implementation of "BabySteps" and any similar NextGen or other programs, as well as any documents reflecting efforts by Plaintiff to educate any of its affiliated physicians in the appropriate use of these programs.

- Data stored in "BabySteps" or any similar NextGen or other program databases that are relevant to the circumstances in dispute, including all documents relating to the development of any algorithm or computer program used in connection with same.

- Materials and health records captured in Plaintiffs' Clinical Data Warehouse related to the claims raised in the complaint.

3

- Data collected in Quantum that is related to the claims raised in the complaint, as well as any applicable standard operating procedures, materials reflecting or used by Plaintiffs as part of educational programs, and materials reflecting Plaintiffs' provision of quality metrics to their hospital partners, which were prepared using data from Quantum.

- Documents reflecting the implementation or use of any eCCAP or other electronic charge capture system Plaintiffs use to record and bill for pediatric intensive care clinicians, hospitalist clinicians and other clinical care providers.

- Data stored in eCCAP that is relevant to the circumstances in dispute.

- Any documents, including but not limited to reports and audits, prepared by or analyzed by Plaintiffs' Revenue Cycle Management Department in relation to the Agreements or circumstances at issue in this dispute.

- All legal opinions obtained in creating the various programs, databases, and algorithms used to bill and code for medical services allegedly performed.

- Plaintiffs' written policies that relate to the Agreements or circumstances at issue in this dispute.

- All documents relating to training programs for Plaintiffs' affiliated physician groups, including documents and policies relating to training physician groups on Plaintiffs' methods for coding and charting.

- All documents that are used to track physicians' and physician groups' profitability, including documents used to determine bonuses (or bonus pools for particular practice groups) and documents used to determine whether

additional training in coding/charting is required by Plaintiffs.

- Any documents reflecting Plaintiffs' methodology or results of any Claims Manager software reviews claims for accuracy

- Administrative and Management Service Agreement(s) and any other agreements between Plaintiffs and any of their affiliates.

- All documents relating to any federal or state (criminal or civil) investigation into the billing practices at issue in this case.

- Materials relied upon or used at Pediatrix University relevant to the circumstances in dispute.

- Plaintiffs' internal communications relating to coding and billing the services in dispute, including but not limited to discussions of both individual claims and system-wide coding and billing goals and practices.

- Defendants' analysis of Plaintiffs' bills and billing practices related to the claims in dispute in this matter.

- Defendants' policies relevant to coding for Plaintiffs' services at issue in the complaint.

- Applicable CPT guidelines, AAP guidelines, AMA publications, AAP coding training vignettes, and other relevant materials or guidelines reflecting generally accepted billing and coding procedures.

III.    **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Inapplicable to Defendants at this time. By way of further response, Aetna will identify the damages it has suffered from Plaintiffs' improper practices in the case pending in the United States District Court for the Eastern District of Pennsylvania, where Aetna is the plaintiff and where the real dispute between the parties is proceeding.

IV.    **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Defendants' investigation into the matters set forth in Plaintiffs' complaint is ongoing. In addition, Defendants are unaware of what evidence Plaintiffs intend to introduce or rely upon. Accordingly, Defendants reserve the right to supplement these disclosures, as applicable, since the investigation and discovery are ongoing.

[This space intentionally left blank.]

Dated:   July 20, 2018                    Respectfully submitted,
         Boca Raton, FL


                                          *s/ Richard P. Hermann, II*
                                          RICHARD P. HERMANN, II, ESQ
                                          Florida Bar No. 110019
                                          E-Mail: rhermann@sbwh.law
                                          DAVID J. DePIANO, ESQ.
                                          Florida Bar No. 55699
                                          E-Mail: ddepiano@sbwh.law
                                          GENEVIEVE BAISDEN, ESQ.
                                          Florida Bar No. 100058
                                          E-Mail:  gbaisden@sbwh.law
                                          SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
                                          7777 Glades Rd., Suite 400
                                          Boca Raton, FL  33434
                                          Tel:  (561) 477-7800
                                          Fax:  (561) 477-7722
                                          Counsel for Aetna


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, the foregoing document is being served this day on all counsel of record identified on the Service List below via E-Mail.


                                          *s/ Richard P. Hermann, II*
                                          RICHARD P. HERMANN, II, ESQ.


7

## SERVICE LIST

*Pediatrix Medical Group of Florida, Inc., et al. v. Aetna Inc., et al.*
Case No. 0:18-cv-60908-JIC (Cohn/Seltzer)
United States District Court, Southern District of Florida

Martin B. Goldberg, Esq.
E-Mail: mgoldberg@lashgoldberg.com
Jonathan E. Feuer, Esq.
E-Mail: jfeuer@lashgoldberg.com
Lorelei J. Van Wey, Esq.
E-Mail: lvanwey@lashgoldberg.com
Lash & Goldberg, LLP
Miami Tower, Suite 1200
100 SE Second St.
Miami, FL 33131
Tel:    (305) 347-4040
Fax:   (305) 347-4050
Counsel for Plaintiffs
*Via CM-ECF*

Richard P. Hermann, II, Esq.
E-Mail: rhermann@sbwh.law
David J. DePiano, Esq.
E-Mail: ddepiano@sbwh.law
Genevieve Baisden, Esq.
E-Mail: gbaisden@sbwh.law
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Rd., Suite 400
Boca Raton, FL 33434
Tel:    (561) 477-7800
Fax:   (561) 477-7722
Counsel for Aetna
*Via CM/ECF*

Luke Nikas, Esq.
E-Mail: lukenikas@quinnemanuel.com
Michael B. Carlinsky, Esq.
E-Mail: michaelcarlinsky@quinnemanuel.com
John H. Chun, Esq.
E-Mail: johnchun@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Tel:    (212) 849-7000
Fax:   (212) 849-7100
Counsel for Plaintiffs
*Via CM-ECF*