## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AETNA INC., ET AL | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDNAX, INC. et al | : | NO.   18-cv-02217-WB |
| Defendants. | : | |

## MEMORANDUM AND ORDER CONCERNING DOC. NO. 87

Plaintiffs (collectively, "Aetna") have filed a motion and memorandum in support, seeking to compel access to and production of information concerning the defendants' billing software. Doc. No. 87 ("Pl. Mot."). Aetna contends that part of Mednax's defense to Aetna's claims of over-billing will be the accuracy of Mednax's "BabySteps" billing software program. Pl. Mot. at 5-7. Defendants (collectively, "Mednax") have filed a response, in which they claim that the production sought by Aetna is irrelevant and overly burdensome. Doc. No. 92 ("Def. Resp.").

Fed. R. Civ. Pro. 26(b) provides for discovery of any non-privileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. In this instance there is no claim of privilege. The rule requires me to consider 1) the importance of the issues at stake, 2) the amount in controversy, 3) the parties' relative access to the information sought, 4) the parties' resources, 5) the importance of the discovery in resolving issues, and 6) whether the burden of discovery outweighs its likely benefit. I find that the discovery sought by Aetna should be supplied, and I will briefly outline my reasons in paragraphs numbered to accord with the six factors listed in Fed. R. Civ. Pro. 26(b):

1. The issues at stake are important, both to the parties and to the public. If true, the allegations of the complaint paint a bleak picture of massive over-billing affecting a health care insurer. Such over-billing costs consumers through the mechanism of higher health care premiums.

2. The amount in controversy potentially is tens of millions of dollars. Complaint, Doc. No. 1-1, at ¶ 28. The monetary stakes are high.

3. Mednax has exclusive control over its software. Aetna has no other means of discovering how Mednax' billing software works.

4. Both parties have abundant financial resources.

5. The discovery is likely to be an important factor in determining the accuracy of Mednax' billing, which is the central issue in this case.

6. Mednax has not made a detailed showing of the burden or cost of the requested discovery. Aetna is not a marketplace competitor with Mednax, so the potential for unfair competitive consequences from discovery are low. Disclosing billing software does not strike me as something that will involve long weeks of intensive labor.

**ORDER**

Accordingly, it is on this 8th day of November, 2019 **ORDERED** that Aetna's motion (Doc. No. 87) is **GRANTED** as follows:

1. Within twenty-one days of the date of this Order, Mednax shall make a full and complete production of all non-privileged documents responsive to Aetna's Requests for Production 17 through 24. Mednax shall immediately confer with Aetna regarding the

search terms to be applied to identify responsive correspondence relating to Requests 17 to 24, and will apply those terms to all custodians who were involved in the development or modification of BabySteps, all individuals who serve or served on Mednax's Neonatal/Hospital-Based Coding Committee, and any other relevant custodians of which Mednax is aware.

2. Within thirty days of the date of the production addressed in Item 1 of this Order, Mednax shall provide Aetna with access to Mednax's BabySteps software. Mednax may provide this access via a "dummy portal," or a version of the software that does not contain live patient data.

BY THE COURT:


 *s/Richard A. Lloret* _____
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE