**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AETNA INC., ET AL | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDNAX, INC. et al | : | NO.   18-cv-02217-WB |
| Defendants. | : | |

## ORDER CONCERNING DOC. NO. 101

For reasons explained in the accompanying Memorandum, it is on this 22nd day of November, 2019, **ORDERED** that Plaintiff's ("Aetna's") motion for protective order (Doc. No. 101) is **GRANTED,** in part (see paragraph 1), and **DENIED**, in part (see paragraphs 2-4), as set forth below.

1.      Except as provided in this Order, Mednax is forbidden to seek any discovery from the following individuals or entities (the "subpoenaed witnesses") on and after the dates mentioned below. In particular, Mednax is forbidden to seek discovery of communications between Aetna and these individuals, and information acquired or gathered by these individuals on and after the dates listed below. Mednax also is forbidden to seek discovery of communications between any set of two or more of the subpoenaed witnesses on and after the earliest date applicable to any witness within the set.

- Mr. Pierce, on and after May 30, 2012.

- Ms. Gitlin, on and after May 30, 2012.

- Ms. Johnson, on and after May 30, 2012.

- Daniel Sandoval, Ph.D., on and after February of 2013;

- Innovative Computer Services, on and after February 2013;

- DPR Integrated Solutions, on and after January 2016;.

- John Bowblis, on and after November 4, 2013;

- Indago Group, on and after May 30, 2012;

- Diane Schulman, on and after May 30, 2012;

- Elaine Pappas-Graber, on and after May 30, 2012.

2.     Mednax is permitted to seek discovery from the subpoenaed witnesses for the periods prior to the dates listed in paragraph 1, above, subject to claims of privilege or other grounds of resistance to the subpoena asserted by the subpoenaed witnesses in accordance with Fed. R. Civ. P. 45. After meeting and conferring as directed in paragraph 5, below, Mednax may proceed with a motion to compel such discovery in the proper forum, under Fed. R. Civ. P. 45. As part of its motion Mednax will attach a copy of this Order and the accompanying Memorandum and will also certify that it has complied with the meet and confer requirements of this Order before filing such a motion.

3.     (A) Notwithstanding the general prohibition set forth in paragraph 1, for the period January 1, 2011 to the present, Aetna will turn over copies of all communications and information exchanged between Aetna or any of the subpoenaed witnesses and third parties, such as the U.S. Attorney's office and other health insurers, concerning the investigation of allegations that Mednax overbilled Aetna. Aetna will turn over this information to Mednax within 21 days.

(B) If Aetna claims privilege or work product protection for these communications, it must prepare and submit a detailed privilege log in compliance with Fed. R. Civ. P. 26(b)(5) within the same time period. The privilege log will also explain

(for each claim of privilege or work product protection) why the privilege or work product claim is not waived by communication with a third-party.

(C) Mednax is prohibited from initiating proceedings against the subpoenaed witnesses for this information until Aetna produces documents and a privilege log, counsel for Aetna and Mednax meet and confer over any differences they have; the parties have litigated any remaining concerns under paragraphs 3(A) and (B) before this Court; and (4) the Court has resolved the remaining concerns. At that point Mednax may apply for leave from this Court to pursue subpoenaed witnesses for this information.

4.    (A) Within 21 days, Aetna will identify which of the subpoenaed witnesses may testify at trial and which are designated as non-testifying experts or consultants. Any subpoenaed witnesses identified as "non-testifying" will be excluded from testifying at trial of this matter.

(B) Within 21 days, Aetna will disclose and turn over, if they exist,

- copies of all written agreements with,

- the content of all oral agreements, promises, or understandings with,

- records of consideration paid or promised to

any subpoenaed witnesses identified as potential trial witnesses under paragraph 4(A), and any persons, other than subpoenaed witnesses, who are potential trial witnesses or have knowledge of facts underlying Aetna's claims or Mednax's defenses.

(C) Mednax is prohibited from initiating proceedings against the subpoenaed witnesses for the information referenced in paragraph 4(B) until (1) Aetna makes the election required under paragraph 4(A) and the disclosure required under paragraph 4(B); (2) counsel for Aetna and Mednax meet and confer over any differences

they have; the parties have litigated any remaining concerns under paragraphs 4(A) and (B) before this Court; and (4) the Court has resolved the remaining concerns. At that point Mednax may apply for leave from this Court to pursue subpoenaed witnesses for the information referenced in paragraph 4(B).

5.	The parties' counsel will meet and confer within 14 days of this Order, to see if further litigation in other jurisdictions can be avoided. Mednax's counsel will within the same time meet and confer with counsel for the subpoenaed parties to attempt to avoid costly litigation in multiple courts by either resolving the subpoena disputes or consolidating subpoena litigation in this Court.

6.	The parties' requests for sanctions are denied.


BY THE COURT:


*s/Richard A. Lloret*
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE