# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AETNA INC., ET AL | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDNAX, INC. et al | : | NO.   18-cv-02217-WB |
| Defendants. | : | |

## ORDER CONCERNING DOC. NO. 183

For reasons explained in a memorandum filed this date, it is on this 4th day of February, 2020

**ORDERED**

1. The parties will meet-and-confer about their ongoing discovery differences outlined in Doc. Nos. 183, 187, 192, 197, and particularly the discrepancies identified in Doc. No. 197-1, with a view to narrowing their differences in advance of a hearing, scheduled below. The meet-and-confer will occur in person between lead counsel for both parties at a courtroom to be arranged with my deputy, within 14 days of this Order.

2. Lead counsel for both parties are attached for a hearing scheduled for 9:30 a.m. to 4:30 p.m. on Friday, February 28, 2020 and Monday, March 2, 2020, and Friday, March 6, 2020 (if necessary) in a courtroom to be determined.

3. At the hearing Aetna will produce the March Data and August Data in electronic format, easily displayed and readable on screen, such that any part of the March Data or August Data can be easily segregated, displayed, and examined in detail by me and the witnesses for both sides.

4. At the hearing Mednax will produce Dr. Cohen-Cole, and Aetna will produce Dr. Blowblis to testify about their conclusions. Aetna also will produce a witness or witnesses under Fed. R. Civ. Pro. 30(b)(6) who will bind the plaintiffs on the subject of 1) how the data that formed the basis of Dr. Makuch's regression analysis were compiled; 2) how the March Data were compiled, how the August Data were compiled, and why and how the March Data differs from the August Data; and 3) whether, why, and how the March Data differs from the data supplied to Dr. Makuch. If 30(b)(6) witnesses have already been deposed, the parties will inform me and produce copies of the deposition transcripts.

5. At the hearing the parties also will produce witnesses concerning their varying contentions about the other issues raised in Mednax's memorandum, *i.e.*, regression methodology, claims field information, provider fee schedules, and the Texas "Before and After" analysis. I will convene a pre-hearing scheduling conference in the coming days to discuss the number and order of witnesses and any additional briefing or pre-hearing production of exhibits that I may think is needed.

6. Aetna may file a supplemental response to Mednax's reply (Doc. No. 197). The supplemental response will be no more than 15 pages in length, exclusive of exhibits.

7. Lead counsel for the parties will arrange with my deputy a date on or about February 21, 2020 to hold an in-person pre-hearing scheduling conference, on the record, to discuss the order of witnesses, pre-hearing identification and production of exhibits, and any additional briefing I find necessary. The parties should also be prepared to discuss the appointment of a special master to preside over their continuing discovery disputes.

8. Mednax's motion (Doc. No. 183) is DENIED without prejudice pending completion of the meet-and-confer and other obligations of this Order. The contentions in Mednax's motion may be reasserted at the hearing if not resolved through the meet-and-confer process.

BY THE COURT:

/s Richard A. Lloret
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE