IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC., AETNA HEALTH, INC., AETNA HEALTH MANAGEMENT LLC AND AETNA LIFE INSURANCE COMPANY,<br><br>*Plaintiffs*,<br><br>v.<br><br>MEDNAX, INC., PEDIATRIX MEDICAL GROUP, INC. AND MEDNAX SERVICES, INC.,<br><br>*Defendants*. | CIVIL ACTION<br><br>No. 18-2217 |

**ORDER**

AND NOW, this ___ day of _____, 2021, upon consideration of Defendants' Unopposed Motion to Permanently Seal Confidential Mednax Business Information, it is hereby ORDERED that Defendants' motion is GRANTED. It is further ORDERED that

- Docket No. 306, including all exhibits, shall be permanently sealed.

- Defendants shall refile publicly an unredacted copy of each document contained in Volumes 8-12 of its Joint Appendix, originally filed under Docket No. 306, except for the five expert reports included in Sealed Vol. 8 at JA3367-794. Defendants shall continue to redact personal health information, as required under the Qualified Protective Order in this case, Dkt. 65, at 15, and personal identifiers, as required under Local Rule 5.1.3.

- After reviewing Defendants' motion and accompanying declarations, the Court finds that disclosure of the small amount of information contained in the redactions to the five expert reports at issue would result in a clearly defined and serious injury

to Defendants. Accordingly, Defendants' request to permanently seal is GRANTED.

                    BY THE COURT:

                    _____
                    Hon. Wendy Beetlestone
                    United States District Judge

Case 2:18-cv-02217-WB   Document 316   Filed 11/08/21   Page 2 of 11

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC., AETNA HEALTH, INC., AETNA HEALTH MANAGEMENT LLC AND AETNA LIFE INSURANCE COMPANY,<br><br>*Plaintiffs*,<br><br>v.<br><br>MEDNAX, INC., PEDIATRIX MEDICAL GROUP, INC. AND MEDNAX SERVICES, INC.,<br><br>*Defendants*. | CIVIL ACTION<br><br>No. 18-2217 |

**DEFENDANTS' UNOPPOSED MOTION TO PERMANENTLY
SEAL CONFIDENTIAL MEDNAX BUSINESS INFORMATION**

Pursuant to the Court's October 25 Order (Dkt. 315), Defendants (hereinafter "Mednax") renew their request to permanently seal unredacted versions of five expert reports contained in Sealed Volume 8 of the Joint Appendix in Support of their Motion for Summary Judgment, listed in Exhibit 1. *See* Dkt. 306-1 (JA3367-794). Mednax previously requested permanent sealing of those reports in its September 23 letter to the Court. Ex. 2.

When Mednax moved for summary judgment in May 2021, it filed five expert reports that contain sensitive Mednax business information, the disclosure of which would likely affect Mednax's future negotiations with payors and physician practice groups that Mednax might seek to acquire. The publicly filed versions of the reports contain a small number of redactions to prevent the disclosure of that information. Pursuant to Local Rules 5.1.2(7) and 5.1.5, Mednax also filed unredacted copies of the reports along with the motion to seal. Mednax requests that the unredacted copies of the five expert reports be permanently sealed. Due to the sensitivity of the

redacted information and its limited scope, Mednax's request to seal meets the Third Circuit's sealing standard. Aetna takes no position on Mednax's request. Ex. 2, at 1.[1]

## BACKGROUND

In order to defend itself against the serious allegations in Aetna's Complaint, Mednax filed a lengthy summary judgment brief with nearly 200 supporting documents. *See* Dkts. 304-306. Of those 200 documents, Mednax asked to file only a handful under seal for a preliminary 120-day period. Those documents are contained in Volumes 8-12 of its Joint Appendix. Dkts. 306-307. These volumes contain records that Mednax deemed sensitive to its business as well as documents that Aetna asked Mednax to file under seal. Mednax also filed narrowly redacted versions of the Mednax documents publicly. *Compare* Sealed Vol. 8, JA3367-3794, *with* Public Vol. 6, JA1844-1957, JA1964-2107, JA2215-2256, *and* Public Vol. 7a, 2257-2384.

After Aetna voluntarily dismissed its case with prejudice, Mednax and Aetna jointly requested by letter that the Court permanently seal Volumes 8-12 of the Joint Appendix. Ex. 3. By email, the Court asked the parties to supply additional authority for their request by letter. Ex. 4. On September 23, Mednax submitted a letter to the Court narrowing its request to only the most sensitive Mednax information contained in five expert reports in Volume 8 of its Joint Appendix and providing authority in support of its request. Ex. 2.[2] Aetna opted to withdraw its own request

---

[1] As a matter of practicality, Mednax proposes that the Court permanently seal Docket No. 306, which contains Sealed Appendix Volumes 8-12, and that Mednax refile publicly documents contained in those volumes that do not meet the sealing standard. Such documents would include 19 documents in Volumes 8-12 that neither party seeks to seal, as well as any of the five documents, or parts of the five documents, at issue in this motion that the Court orders unsealed. A complete list of the documents included in Sealed Volumes 8-12 is attached as Exhibit 1.

[2] The five expert reports are: (1) Expert Report of Anupam Jena for Mednax (Oct. 26, 2020); (2) Expert Report of Josephine Duh for Aetna (Oct. 26, 2020); (3) Expert Report of Michael Cragg for Aetna (Oct. 26, 2020); (4) Expert Rebuttal Report of Anupam Jena for Mednax (Feb. 12, 2021); (5) Expert Rebuttal Report of Michael Cragg for Aetna (Feb. 12, 2021).

for sealing and took no position on Mednax's request. Ex. 2, at 1. On October 25, the Court requested a formal motion. Dkt. 315.

## ARGUMENT

In the Third Circuit, "[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature . . . and the material filed in connection therewith." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation marks omitted). "Yet the common law right of access is not absolute." *Id.* (quotation marks omitted). The Court may seal material after making a "document-by-document review" and concluding that the material "is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672-73 (quotation marks omitted). For example, "safeguarding a trade secret may overcome a presumption of openness," as might "business information that might harm a litigant's competitive standing." *Id.* at 673, 679 (quotation marks omitted).

Mednax recognizes the public's right to access documents filed in judicial proceedings, and it has acted in a manner consistent with that principle. It requests sealing of only a small amount of sensitive business information contained in five documents (out of 200 total filed in connection with Mednax's summary judgment motion), and it has publicly disclosed the vast majority of the information contained in those documents by virtue of its public filing of lightly redacted versions. Mednax submits that the small amount of information it seeks to permanently seal, which it filed only in order to defend itself from Aetna's claims, satisfies the standard set out by the Third Circuit in *Avandia*. As explained below and in the accompanying declarations, Mednax seeks only to protect its confidential business information, the disclosure of which would harm the competitive standing of Mednax and its affiliates. The redactions in the public versions reflect two narrow categories of sensitive business information.

*First*, the public versions of the five reports redact the negotiated rates paid to Mednax for various neonatal codes. *Compare, e.g.*, Sealed Vol. 8, JA3398, 3402, *with* Public Vol. 6, JA1875, JA1879 (Jena Rep.); Sealed Vol. 8, JA3498-99, *with* Public Vol. 6, JA1981-82 (Duh Rep.); Sealed Vol. 8, JA3588-91, JA3594-95, *with* Public Vol. 6, JA2071-74, JA2077-78 (Cragg. Rep.); Sealed Vol. 8, JA3769, 3789, *with* Public Vol. 6, JA2231, JA2251 (Cragg Rebuttal); Sealed Vol. 8, JA3734-35, *with* Public Vol. 7a, JA2366-67 (Jena Rebuttal). The rates Mednax and its affiliates are paid by different managed care companies is highly sensitive information. Ex. 5 (Corcoran Decl.) ¶¶ 2, 5. Courts applying the *Avandia* standard have allowed rate information to be sealed because "negotiated reimbursement rates are highly negotiated and confidential and are individualized from customer to customer, making them the type of confidential commercial information that courts protect." *Cutsforth, Inc. v. Lemm Liquidating Co.*, No. 17-cv-1025, 2020 WL 772442, at *2 (W.D. Pa. Feb. 18, 2020) (citing *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, No. 2:10-cv-01609, 2019 WL 7606242, at *25-28 (W.D. Pa. Dec. 19, 2019), *adopted by and modified by* 2020 WL 337522 (W.D. Pa. Jan. 21, 2020)); *Fed. Trade Comm'n v. Thomas Jefferson Univ.*, No. 20-cv-01113, 2021 WL 1720149, at *2 n.3 (E.D. Pa. Mar. 26, 2021) (permitting redaction of "detailed contract rate information" because it "derives economic value from not being generally known by others who might obtain economic value from its disclosure").

Mednax keeps rate information confidential and does not share it publicly. Ex. 5 (Corcoran Decl.) ¶ 2. Disclosure of the rates it has negotiated with payors would affect Mednax's ability to negotiate competitive rates with other health insurers and would cause Mednax economic harm. *Id.* ¶¶ 3-5. This "information derives independent economic value from not being generally known by others who can obtain economic value from its disclosure, and is subject to efforts that are reasonable under the circumstances to maintain its secrecy." *See Cutsforth*, 2020 WL 772442, at

4

\*3. The impact of disclosure of this information on Mednax would be significant and adverse, Ex. 5 (Corcoran Decl.) ¶ 5, and is not notably lessened by the fact that some, but not all, of the rates in the expert reports represent the average or median rates across multiple practices or over several years, as noted by Aetna. *See* Ex. 6, at 1 n.1.[3]

*Second*, three of the reports contain data about the acquisition of neonatal physician practices by Mednax affiliates and detailed billing information regarding individual facilities and practices. For example, Dr. Jena's initial report includes multiple tables containing information such as the names of the acquired practice groups, the hospitals they serve, the number of neonatal admissions pre- and post-acquisition and differences in reimbursement pre- and post-acquisition. *See* Sealed Vol. 8, JA3399, 3401-10, 3455-59, 3472-74.

Mednax maintains the confidentiality of such information in the normal course of its business. Ex. 7 (Moore Decl.) ¶ 2. It does not disclose detailed billing data about its neonatal physician practices to third parties because that is competitively sensitive information. *Id.* ¶¶ 2-5. Indeed, if that information were to become publicly available, other neonatal physician practices could likely use that information to formulate a competing offer to staff a hospital unit serviced by a Mednax affiliate. *Id.* ¶ 5. Mednax would be disadvantaged in its negotiations with hospitals as a result. *Id.* ¶¶ 4-5. For similar reasons, Mednax does not publicly disclose a list of the hospitals its affiliates staff. *Id.* ¶ 2. That is akin to a customer list because it reveals Mednax's contracting partners for physician services. If such a list were publicly available, it would be valuable to

---

[3] As Aetna's October 1 letter states, some of the disclosed rates are "specific contract rates contained in the parties' provider agreements." *Id.* Further, even the median or average rates reveal to other payors the magnitude of the rates that their competitor, Aetna, was paying Mednax-affiliated practices for a given year (or several years), and the magnitude of rate changes over time. Competing payors can deduce valuable information from composite rate information of the type provided in the five expert reports and could use it to their advantage in negotiations.

Mednax's competitors, who are interested in replacing Mednax at various hospitals across the country. *Id.* ¶¶ 3, 5.

Disclosure of the information would also reveal pre-acquisition data provided to Mednax by physician practice groups. Mednax obtained that information after entering into non-disclosure agreements with the physician practices. *Id.* ¶ 6. If that information were to be publicly disclosed, it likely would discourage information-sharing in connection with future acquisitions. *Id.* ¶ 7. Mednax would suffer significant harm if physician practices were less forthcoming with information that it uses to evaluate potential acquisitions. *Id.* ¶ 7.

To limit the competitive value of the acquisition and hospital partner information, the publicly filed versions of the expert reports redact the names and other identifying information for the practices and facilities, but not the data itself. *Compare, e.g.*, Sealed Vol. 8, JA3399-410, JA3472-74, *with* Public Vol. 6, JA1876-87, JA1949-51 (Jena Rep.); Sealed Vol. 8, JA3787, *with* Public Vol. 6, JA2249 (Cragg Rebuttal); Sealed Vol. 8, JA3711-13, JA3749-52, *with* Public Vol. 7a, JA2343-45, JA2381-84 (Jena Rebuttal). This approach allows the public to understand the experts' analysis while maintaining the confidentiality of competitively sensitive information. *See, e.g.*, *Ebert v. C.R. Bard, Inc.*, No. 12-cv-01253, 2020 WL 429771, at *3 (E.D. Pa. Jan. 28, 2020) (sealing commercially sensitive portions of expert reports in lieu of sealing reports in their entirety).

The redacted information contains commercially sensitive information about many of Mednax's affiliated practice groups, including hospital names, billing information and preacquisition data. In analogous circumstances, courts have agreed to seal records containing such detailed business information. *See, e.g.*, *Three Bros. Supermarket Inc. v. United States*, No. 2:19-cv- 2003, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (sealing business information,

including store names, sales records, and inventory data, on the grounds that disclosure would cause substantial harm by allowing competitors to gain an advantage); *Invention Submission Corp. v. Taylor Mack Enters.*, No. 21-cv-15, 2021 WL 914209, at *3 (E.D. Pa. Mar. 10, 2021) (sealing documents containing information relating to marketing and business strategies as well as pricing because disclosure would give competitors an advantage); *Cole's Wexford*, 2019 WL 7606242, at *25-26 (sealing information that would "enable the competitors to target and to steal [customers]" (quotation marks omitted)).

## CONCLUSION

For these reasons, Mednax respectfully requests that the unredacted versions of the five expert reports in Volume 8 of the Joint Appendix to its summary judgment motion be sealed permanently. The vast majority of the information contained in those reports is available to the public in unsealed volumes of the appendix. Maintaining the confidentiality of the limited amount of sensitive information that has been redacted is warranted. If this Motion is granted, Mednax will refile all documents contained in Joint Appendix Volumes 8-12 except for the five expert reports issued by Drs. Cragg, Duh, and Jena.

Respectfully submitted,

Dated: November 8, 2021          By: <u>Gary A. Orseck</u>

Robbins, Russell, Englert,
 Orseck & Untereiner LLP
Gary A. Orseck*
Alison C. Barnes*
Jennifer S. Windom*
William Trunk*
2000 K St. NW, 4th Floor
Washington, D.C. 20006
Ph: (202) 775-4500
Fax: (202) 775-4510
Email: gorseck@robbinsrussell.com
      abarnes@robbinsrussell.com
      jwindom@robbinsrussell.com

Lash & Goldberg LLP
Martin B. Goldberg*
Jonathan E. Feuer*
100 Southeast 2nd Street
Miami, FL 33131
Ph: (305) 347-4040
Email: mgoldberg@lashgoldberg.com
      jfeuer@lashgoldberg.com

 * Admitted Pro Hac Vice

Conrad O'Brien PC
Howard M. Klein (No. 33632)
Robert N. Feltoon (No. 58197)
Andrew K. Garden (No. 314708)
Centre Square West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Ph: (215) 864-9600
Fax: (215) 864-9620
Email: hklein@conradobrien.com
      rfeltoon@conradobrien.com
      agarden@conradobrien.com

*Attorneys for Defendants Mednax, Inc., Pediatrix Medical Group, Inc., and Mednax Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of November, 2021, the foregoing was served on all counsel of record via ECF.

/s/ Gary A. Orseck
Robbins, Russell, Englert,
 Orseck & Untereiner LLP
2000 K St. NW, 4th Floor
Washington, D.C. 20006
Ph: (202) 775-4500
Fax: (202) 775-4510
Email: gorseck@robbinsrussell.com